# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

TINA L. PATTERSON,            )
                              )
    Plaintiff,             )
                              )
v.                            )     Case No. CIV-17-930-G
                              )
NANCY A. BERRYHILL, Acting    )
Commissioner of Social Security, )
                              )
    Defendant.             )

## OPINION AND ORDER

Plaintiff Tina L. Patterson brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Upon review of the administrative record (Doc. No. 10, hereinafter "R. \_"),[1] and the arguments and authorities submitted by the parties, the Court reverses the Commissioner's decision and remands for further proceedings.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her DIB application on January 28, 2013, alleging disability beginning March 13, 2012. R. 22, 123, 186-93. Following denial of her application initially and on reconsideration, a hearing was held before an administrative law judge ("ALJ") on February 23, 2016. R. 42-97, 124-27, 129-31. In addition to

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

Plaintiff, a vocational expert ("VE") testified at the hearing. R. 81-95. The ALJ issued an unfavorable decision on May 10, 2016. R. 22-36.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 13, 2012, the alleged disability-onset date. R. 24. At step two, the ALJ determined that Plaintiff had the severe impairments of degenerative disc disease of the back and neck with post-surgical repair of the neck, mild sleep apnea, and headaches, and that Plaintiff's depression was nonsevere. R. 24-27. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). R. 27-28.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all her medically determinable impairments. R. 28-34. The ALJ found:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR [§] 404.1567(b) except [Plaintiff] can stand and walk for six hours out of eight hours and sit for six hours out of eight hours, cannot climb ladders, ropes, or scaffolds, can occasionally kneel, crouch, and crawl, frequently climb stairs and ramps, balance, and stoop, and never reach overhead with the bilateral upper extremities. [Plaintiff] has an unlimited bilateral ability to finger, feel and otherwise reach. [Plaintiff] can frequently handle with the bilateral upper extremities.

R. 28.

At step four, the ALJ considered the VE's hearing testimony and found that Plaintiff was able to perform her past relevant work as a program manager/house parent or over-

the-counter clerk/branch manager for Walmart. R. 34-35; *see* 20 C.F.R. § 404.1560(b)(1), (2). The ALJ alternatively found at step five that Plaintiff could perform the light, unskilled occupations of cleaner/housekeeper, order caller, and ticket taker, and that these occupations offer jobs that exist in significant numbers in the national economy. R. 35-36.

The ALJ therefore determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant time period. R 36; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), .1560(b)(3). Plaintiff's request for review by the SSA Appeals Council was denied, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. R. 1-7; *see* 20 C.F.R. § 404.981.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner

followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff challenges the ALJ's evaluation of a treating physician's opinion and of Plaintiff's subjective complaints. *See* Pl.'s Br. (Doc. No. 13) at 9-29. Because the Court finds that reversal is warranted based upon the ALJ's assessment of the treating-physician opinion, the Court need not address Plaintiff's remaining argument. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

I. *The Treating-Physician Rule*

By regulation, a treating source's medical opinion generally is given "more weight" than that of a nontreating source. 20 C.F.R. § 404.1527(a)(2), (c)(2); *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). Under Tenth Circuit authority, the evaluation of a treating physician's opinion follows a two-step procedure. *Watkins*, 350 F.3d at 1300. First, the ALJ must determine whether the treating physician's opinion should be given "controlling weight" on the matter to which it relates. *See id.*; 20 C.F.R. § 404.1527(c)(2). The medical opinion of a treating physician must be given controlling weight if it is both *"*well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); *Watkins*, 350 F.3d at 1300 (applying SSR 96-2p, 1996 WL 374188, at *2

4

(July 2, 1996)).[2] Second, if the ALJ has determined that the medical opinion of a treating physician is not entitled to controlling weight, the ALJ must determine what lesser weight should be afforded the opinion. *See Watkins*, 350 F.3d at 1300-01; *Langley*, 373 F.3d at 1119. The determination of how much deference to afford a treating-physician opinion not entitled to controlling weight should be made in view of a prescribed set of regulatory factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1301 (internal quotation marks omitted); 20 C.F.R. § 404.1527(c)(2)-(6).

The ALJ must both consider the factors and provide "good reasons" for the weight he or she ultimately affords the opinion. 20 C.F.R. § 404.1527(c)(2). The ALJ's decision "'must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Watkins*, 350 F.3d at 1300 (quoting SSR 96-2p, 1996 WL 374188, at *5). If the ALJ chooses to "reject[] the opinion completely, he must then give specific, legitimate reasons for doing so." *Id.* at 1301 (internal quotation marks omitted).

---

[2] Social Security Ruling 96-2p has been rescinded for claims filed on or after March 27, 2017. *See* Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263-01 (Mar. 27, 2017).

5

## II. The Relevant Record and the Written Decision

The record reflects that Donald Kim, MD, treated Plaintiff for pain management from March 2015 through January 2016. *See* R. 766-826 (Ex. 22F). On February 1, 2016, Dr. Kim completed a Medical Source Statement ("MSS") in which he expressed his opinion regarding Plaintiff's ability to perform work-related activities. R. 827-33 (Ex. 23F). Dr. Kim identified several physical limitations, including that Plaintiff could never lift or carry more than 10 pounds and could only occasionally lift or carry up to 10 pounds. R. 827. Dr. Kim determined that Plaintiff could sit no more than one hour continuously and no more than two hours in an eight-hour workday, could stand no more than 20 minutes continuously and no more than one hour in an eight-hour workday, and could walk no more than 30 minutes continuously and no more than one hour in an eight-hour workday. According to Dr. Kim, Plaintiff would need to lie down or recline for the remaining four hours of the workday in which she was not sitting, standing, or walking. R. 828. Dr. Kim opined that her conclusions regarding Plaintiff's sitting, standing, and walking limitations were supported by medical findings, including: "MRI/CT Scan/x-ray: fusion with spondylosis/[degenerative disc disease] chronic neck and back pain from surgery and permanent damage to disc. [U]nable to perform normal activities." R. 828.

Dr. Kim also opined that Plaintiff could only occasionally reach, handle, finger, feel, push, pull, operate foot controls, or climb stairs and ramps, and that Plaintiff could never climb ladders or scaffolds, balance, stoop, kneel, crouch, or crawl. R. 829-30. Dr. Kim noted that Plaintiff could only occasionally tolerate conditions including operating a motor vehicle, humidity and wetness, dust, odors, fumes and pulmonary irritants, extreme cold or

6

heat, and vibrations, and could never tolerate unprotected heights or moving mechanical parts. R. 831. Finally, Dr. Kim opined that, despite Plaintiff's impairments, Plaintiff was capable of shopping, traveling without a companion, ambulating without assistive devises, walking a block, using public transportation, climbing a few steps with a hand rail, preparing simple meals and feeding herself, maintaining personal hygiene, and sorting, handling, or using papers and files. R. 832.

After describing the SSA regulations regarding opinion evidence, the ALJ discussed Dr. Kim's MSS and addressed the weight she afforded it:

> [Plaintiff's] primary care physician Donald H. Kim, M.D., submitted a medical source statement in this case on February 1, 2016, where he imposed limitations in exertion and environment. Specifically, he opined that [Plaintiff] could not lift/carry anything over ten pounds and only occasionally lift/carry items at ten pounds; that the claimant, during the typical workday, could without interruption sit no more than an hour, stand no more than twenty minutes, and walk no more than thirty minutes; in total, she could sit for only two hours and stand/walk for an hour within a typical workday; that she could only occasionally use her hands, fingers, and feet and never engage in postural activities except for climbing stairs and ramps; and finally, she could never tolerate exposure to unprotected heights and moving mechanical parts and occasionally tolerate humidity and wetness, dust, odors, fumes and pulmonary irritants, extreme could and heat, and vibrations (Ex. 23F). These assessments overstate the functional limitations in this case and, therefore, are given little weight. Even [Plaintiff] acknowledges an ability to shop, travel independently, prepare meals, and sort paperwork (Hr'g Test; Ex. 3E; 6E). Physical examinations of record have consistently reflected a normal and balanced gait and negative straight-leg raises (Ex. 5F/2,3; 6F/2; 9F2,20; 10F; 15F/2). The assessments provided by the State agency medical consultants appear more aligned with the evidence in this case.

R. 33.

In contrast to the little weight the ALJ accorded Dr. Kim's opinion, the ALJ gave "significant weight" to the assessments of two nonexamining state-agency physicians,

7

Donald Baldwin, MD, and Karl K. Boatman, MD, whose Disability Determination Explanations of June 24, 2013, and December 31, 2013, both provided that Plaintiff was capable of standing and/or walking a total of six hours in an eight-hour workday and sitting a total of six hours in an eight-hour workday. R. 33, 103-05, 119-21.

### III. *The ALJ's Application of the Treating-Physician Rule*

Plaintiff challenges the ALJ's application of both prongs of the treating-physician rule to Dr. Kim's opinion, contending that Dr. Kim's opinion should have been given controlling weight because it was supported by "objective clinical and diagnostic evidence" and that the ALJ failed to properly consider certain factors set forth in 20 C.F.R. § 404.1527(c). Pl.'s Br. at 13-22; *see Watkins*, 350 F.3d at 1300-01. Plaintiff further asserts that the ALJ erred by affording more weight to the opinions of the nonexamining state-agency physicians, Drs. Baldwin and Boatman, than to Dr. Kim's opinion. *See* Pl.'s Br. at 16-18. The Court agrees that the ALJ's assessment of Dr. Kim's opinion failed to comply with regulatory directives and that reversal is warranted.

When rejecting Dr. Kim's restrictive limitations, including those related to sitting, standing, walking, lifting, and carrying, the ALJ was required to provide "specific, legitimate reasons" for doing so. *Watkins*, 350 F.3d at 1301 (internal quotation marks omitted). The ALJ provided two rationales for discounting Dr. Kim's opinion. First, the ALJ noted that Plaintiff testified to the ability to shop, travel independently, prepare meals, and sort paperwork. R. 33 (citing Exs. 3E, 6E (Plaintiff's Functional Reports dated March 5, 2013, and August 11, 2013, respectively)). Yet, Dr. Kim recognized in the MSS that Plaintiff was capable of these activities and found the above-referenced physical limitations

8

nonetheless. *See* R. 832. Moreover, in the two Functional Reports cited by the ALJ, Plaintiff averred that her husband did most of the shopping and that her shopping trips were limited to 30 minutes to one hour. *See* R. 229, 251. Similarly, Plaintiff attested that she rarely prepared meals and did not cook more than 30 minutes to one hour because she "cannot stand [for] long periods." R. 228; *see also* R. 250 (noting that her husband prepares almost all meals). And while Plaintiff stated in the March 5, 2013 Functional Report that she was able to drive her truck, she contended in the August 11, 2013 Functional Report, after her July 25, 2013 cervical-spine surgery, that she was only able to walk to the mailbox and had not driven a car since her July 25, 2013 surgery. R. 229, 251-53. Plaintiff's reports are largely consistent with the physical limitations expressed in Dr. Kim's MSS, specifically the limitations to one hour of sustained sitting, 20 minutes of sustained standing, and 30 minutes of sustained walking, as well as limitations to a maximum of one hour of standing, one hour of walking, and two hours of sitting in an eight-hour workday. R. 828. As such, the ALJ's citation to Plaintiff's Functional Reports as an example of evidence that fails to support Dr. Kim's MSS was improper under 20 C.F.R. § 404.1527(c) and *Watkins*.

Similarly, the Court cannot properly find that the ALJ's second rationale for discounting Dr. Kim's opinion is sufficient to justify the ALJ's rejection of Dr. Kim's opinion in favor of the findings of the nonexamining state agency physicians. For her second rationale, the ALJ opined that the physical examinations contained in the record "consistently reflected a normal and balanced gait and negative straight-leg raises." R. 33 (citing R. 389-90, 394, 443, 461, 479-510, 579). The Court questions whether such general

9

references to normal gait and negative straight-leg raises, without more, constitute "specific, legitimate" reasons sufficient to justify the rejection of Dr. Kim's standing and walking restrictions. *Watkins*, 350 F.3d at 1301 (internal quotation marks omitted). Even if the Court were to assume their sufficiency, however, the ALJ's assessment of Dr. Kim's opinion is still devoid of explanation as to the ALJ's rejection of other limitations identified by Dr. Kim that, if adopted, would preclude an RFC of light work. Specifically, the ALJ does not provide any "good reasons" for discounting Dr. Kim's opinion that Plaintiff can sit only one hour continuously and only two hours in an eight-hour workday. 20 C.F.R. § 404.1527(c)(2); *see* R. 828; *cf.* 20 C.F.R. § 404.1567(b) (defining light work as "requir[ing] a good deal of walking or standing, or . . . involv[ing] sitting most of the time"). Nor does the ALJ provide reasons for her rejection of Dr. Kim's opinion that Plaintiff could never lift or carry more than 10 pounds and could only occasionally lift or carry up to 10 pounds. *See* R. 827; *cf.* 20 C.F.R. § 404.1567(b) (explaining that light work requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds").

"The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004); *accord Daniell v. Astrue*, 384 F. App'x 798, 803 (10th Cir. 2010) ("In general, treating source opinions should be given more weight than the views of consulting physicians or those who only review the medical records and never examine the claimant."). Here, the ALJ gave significant weight to the opinions of the nonexamining

state-agency physicians while discounting the opinion of Plaintiff's treating physician without providing proper justification as required by *Watkins* and 20 C.F.R. § 404.1527(c). Because the ALJ failed to follow the correct legal standards in considering Dr. Kim's opinion, remand is required. *See Daniell*, 384 F. App'x at 804.

## CONCLUSION

The decision of the Commissioner is reversed and the case remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). A separate judgment shall be entered.

ENTERED this 25th day of February, 2019.

*[signature]*
CHARLES B. GOODWIN
United States District Judge