UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TINA L. PATTERSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. CIV-17-930-G |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Now before the Court is Plaintiff's counsel's Motion (Doc. No. 25) seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure and an award of attorney's fees in the amount of $5800.00 under 42 U.S.C. § 406(b)(1).

On February 25, 2019, the Court reversed the decision of the Commissioner of the Social Security Administration and remanded the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 20). On July 18, 2020, the Social Security Administration notified Plaintiff that she is entitled to past-due benefits. *See* Pl.'s Br. Ex. 2 (Doc. No. 26-2). Accordingly, the Court finds that "[s]ubstantial justice will be served by allowing counsel to seek § 406(b)(1) fees under the authority of Rule 60(b)(6)." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).

Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

> may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

In response to Plaintiff's counsel's Motion, the Commissioner states that he has no objection to the request for $5800.00 in fees. *See* Def.'s Resp. (Doc. No. 27) at 1-3. The Commissioner notes, however, that the Court previously awarded $4700.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, so if fees are now awarded pursuant to § 406(b), Plaintiff's counsel must refund the lesser award to Plaintiff. *See id.*; Order of May 23, 2019 (Doc. No. 24) at 1-2; *McGraw*, 450 F.3d at 497 & n.2.

Having carefully reviewed the Motion and supporting documentation, the Court finds that $5800.00, which the Notice of Award shows is roughly 11% of the past-due benefits award, is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation, the applicable attorney-fee agreement, and the results achieved. *See* Pl.'s Br. (Doc. No. 26) at 9, 11; *id.* Ex. 1 (Doc. No. 26-1) at 1-2; *id.*

2

Ex. 2 at 3. While before the Court, Plaintiff's counsel filed a detailed opening brief, presenting several detailed arguments that the administrative law judge erred in denying Plaintiff's claim for disability insurance benefits. *See* Doc. No. 13. The Commissioner filed a brief in opposition, which Plaintiff's counsel was required to review. *See* Doc. No. 16; Pl.'s Br. Ex. 3 (Doc. No. 26-3) at 1-2. Plaintiff's counsel represents that he spent 25.6 hours litigating Plaintiff's disability case in federal court, not including time spent on the attorney-fee request, which would result in an effective hourly rate of $226.56 with respect to the requested § 406(b) fee. *See* Pl.'s Br. at 12-14; *see also Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency fee cases to help assess "the reasonableness of the fee yielded by the fee agreement").

Accordingly, Plaintiff's Motion (Doc. No. 25) is GRANTED. Plaintiff's attorney Kyle J. Saunders is awarded attorney's fees in the amount of $5800.00, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. § 406(b)(1)(A). The Social Security Administration shall pay this amount directly to: Kyle J. Saunders, P.O. Box 1605, Ada, Oklahoma, 74820. Upon payment, Mr. Saunders shall promptly refund to Plaintiff the $4700.00 previously awarded under 28 U.S.C. § 2412. *See McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 20th day of April, 2021.

CHARLES B. GOODWIN
United States District Judge